**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be received no later than 4:30pm on the 10th day after the decision was issued to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**August 5, 2026**

# In the Court of Appeals of Georgia

A26A1125. YOUNG v. THE STATE.

DILLARD, Presiding Judge.

In 2023, Maurice Young pleaded guilty to rape, aggravated sodomy, and aggravated assault. Two years later, proceeding *pro se*, Young moved to withdraw his guilty plea, which the trial court denied after a hearing. Still proceeding *pro se*, Young now challenges that denial, arguing that his plea was not entered knowingly and voluntarily. More precisely, Young argues his plea counsel rendered ineffective assistance, and that his right to self-representation before his plea was violated. He also contends that his arrest was based on an unlawful search of the victim's person. For the following reasons, we affirm.

The record shows that on July 26, 2015, Young attacked a woman at a MARTA station, strangled her until she nearly lost consciousness, forced her to perform oral sex, and vaginally penetrated her. After the assault, Young was not immediately apprehended or even initially identified; but while being treated at the hospital, the victim underwent a sexual-assault examination, during which law enforcement obtained DNA samples left by the attacker. And in July 2019, the GBI learned through CODIS[1] that the DNA profile taken from the victim's sexual-assault examination matched Young's profile.

The State charged Young, via indictment, with one count each of rape, aggravated sodomy, and aggravated assault. Between January 2020 and July 2022, Young repeatedly wrote letters to the trial court and filed motions seeking to discharge his counsel and represent himself. But there is nothing in the record showing the court ever ruled on these requests or held a *Faretta*[2] hearing to consider them.

---

[1] CODIS—the Combined DNA Indexing System—is a database of DNA profiles linked among the states through the Federal Bureau of Investigation.

[2] See *Faretta v. California*, 422 U.S. 806, 835–36(V) (95 SCt 2525, 45 LE2d 562) (1975) (holding that if a defendant makes a pre-trial, unequivocal assertion of the right to self-representation, the request must be followed by a hearing to ensure the defendant knowingly and intelligently waives the "traditional benefits associated with the right to counsel" and understands the "disadvantages of self-representation so

On July 12, 2023, Young's case proceeded to trial, during which he was represented by counsel. But on the third day (following the victim's testimony), Young told his counsel that he wished to plead guilty. At that point, the State's prosecutor questioned Young as to whether he was under the influence of any alcohol or drugs, and Young responded that he was not. The prosecutor next asked if he understood the charges and that the maximum sentence he faced was life without the possibility of parole. Young responded that he did. The prosecutor then asked Young if he understood that the State was recommending a sentence of life with the possibility of parole; and again, Young responded affirmatively. Then, the prosecutor explained the rights Young would waive by pleading guilty, and he stated that he understood and still wished to plead guilty to the charges. In doing so, Young stated that he was doing so freely and voluntarily.

The prosecutor next recounted the facts underlying the charges in the indictment, after which the trial court asked Young if he understood the rights he was waiving and if he still wished to plead guilty. Again, Young replied affirmatively. The court then asked Young's counsel if she was satisfied her client understood these

that the record will establish that he knows what he is doing and his choice is made with eyes open" (quotation marks omitted)).

inquiries and that his plea was voluntary. Defense counsel responded affirmatively, and the court agreed, stating that it would accept Young's plea as knowingly, voluntarily, and intelligently entered. And after excusing the jury, the court accepted the State's recommendation and sentenced Young to life with the possibility of parole.

Less than two weeks later, Young filed a *pro se* motion for new trial, arguing, among other things, that his guilty plea was not voluntarily or knowingly entered due to ineffective assistance of counsel and due to the denial of his earlier requests to represent himself. The trial court denied the motion, ruling that a motion for new trial was not a proper remedy for withdrawing a guilty plea and declining to construe Young's motion as one to withdraw his plea. Young—still acting *pro se*—appealed, and in *Young v. State*,[3] we concluded that he properly raised an ineffective-assistance-of-counsel claim at his first opportunity[4] and that the court should have treated his motion for new trial as a motion to withdraw his guilty plea.[5] As a result, we vacated

---

[3] 376 Ga. App. 597 (920 SE2d 451) (2025).

[4] See id. at 598–99(1).

[5] See id. at 600(2).

the court's ruling and remanded the case for further proceedings consistent with that opinion.[6]

On remand, the trial court conducted a hearing on what we construed as Young's motion to withdraw his guilty plea. At the start of the hearing, the court first conducted a *Faretta* hearing[7] to determine whether Young still wished to represent himself. And after finding Young understood the implications of self-representation, the court ruled that he could, in fact, represent himself, and the hearing proceeded with Young as the only testifying witness.[8] At the conclusion of the hearing, the court took the issue under advisement; but a short time later, it issued an order denying Young's motion. This *pro se* appeal follows.

Although a guilty plea may be withdrawn any time before sentencing, once a sentence has been entered, "a guilty plea may only be withdrawn to correct a manifest

---

[6] See id. at 600(3).

[7] See supra note 2 & accompanying text.

[8] Young's trial counsel did not testify at the hearing on his motion to withdraw his guilty plea; but during the hearing, Young said that counsel did testify about her representation in a hearing on a petition for habeas corpus—which was conducted while his prior appeal in this Court was still pending. A transcript of that hearing was attached as an exhibit to the hearing on the motion to withdraw, but no court ruling on that petition appears in the record.

injustice, and a trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion."[9] Of course, the test for manifest injustice will by necessity "vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges."[10] Importantly, a criminal defendant who seeks to withdraw his guilty plea due to ineffective assistance of counsel "must meet the now familiar two-part test of *Strickland v. Washington*[11]—deficient performance and prejudice."[12] That is, a defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors "must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors,

---

[9] *Platt v. State*, 342 Ga. App. 664, 665 (805 SE2d 112) (2017) (quotation marks omitted). Accord *Earley v. State*, 310 Ga. App. 110, 112 (712 SE2d 565) (2011).

[10] *Hood v. State*, 315 Ga. 809, 812(1) (884 SE2d 901) (2023) (punctuation omitted). Accord *Powell v. State*, 309 Ga. 523, 524(1) (847 SE2d 338) (2020).

[11] 466 U.S. 668 (104 SCt 2052 80 LE2d 674) (1984).

[12] *Earley*, 310 Ga. App. at 112 (quotation marks omitted). Accord *Murray v. State*, 307 Ga. App. 621, 623–24 (705 SE2d 726) (2011).

he would not have pleaded guilty and would have insisted on going to trial."[13] Moreover, in evaluating an attorney's performance for the purpose of determining the first prong of the *Strickland* test, there is "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."[14] With these guiding principles in mind, we turn now to Young's specific contentions on appeal.

1. We first address Young's argument that the trial court erred in finding his guilty plea was entered knowingly and voluntarily. We disagree.

To properly form the basis for a judgment of conviction, a guilty plea "must be voluntary, knowing, and intelligent."[15] Significantly, as the Supreme Court of the United States explained in *Boykin v. Alabama*,[16] a defendant who enters into a guilty plea "must be advised of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's

---

[13] *Earley*, 310 Ga. App. at 112 (punctuation omitted). Accord *Rios v. State*, 281 Ga. 181, 181(2) (637 SE2d 20) (2006).

[14] *Earley*, 310 Ga. App. at 112 (quotation marks omitted). Accord *Murray*, 307 Ga. App. at 624.

[15] *Hayes v. State*, 344 Ga. App. 248, 249(1) (809 SE2d 832) (2018) (quotation marks omitted).

[16] 395 U.S. 238 (89 SCt 1709, 23 LE2d 274) (1969).

accusers."[17] So, when a criminal defendant challenges the validity of his guilty plea, the State "must demonstrate that the defendant intelligently and voluntarily entered the plea, which the State may do by showing on the record of the plea hearing that the defendant understood the rights he was waiving and the consequences of his plea."[18]

Here, the record shows that, after his trial started, Young told his counsel that he wished to plead guilty to the charges. The State's prosecutor confirmed that Young was not under the influence of any drugs or alcohol, and explained the charges, the possible sentence he could face, and the rights he was waiving. Young responded that he understood and wished to plead guilty. The trial court then asked Young's counsel if she was satisfied that Young was entering his plea knowingly and voluntarily; and after she responded affirmatively, the court agreed and accepted the plea. Given these

---

[17] *Hayes*, 344 Ga. App. at 249–50(1) (quotation marks omitted). See *Boykin*, 395 U.S. at 243 (explaining privilege against compulsory self-incrimination, right to a trial by jury, and the right to confront one's accusers will not be presumed waived but must be explicitly waived before a guilty plea).

[18] *Hayes*, 344 Ga. App. at 250(1) (punctuation omitted).

circumstances, the court did not abuse its discretion in denying Young's motion on the ground his plea was not entered into knowingly and voluntarily.[19]

2. Young also maintains the trial court erred in denying his motion to withdraw his guilty plea, arguing that his plea counsel rendered ineffective assistance. Again, we disagree.

Young claims that his plea counsel rendered ineffective assistance by not objecting during his trial—before his decision to plead guilty—when the State's prosecutor allegedly engaged in an improper conversation with a juror, not telling him that a guilty plea would waive his right to self representation, and not advising him

_____

[19] See *Wright v. State*, 298 Ga. 124, 125(1) (779 SE2d 660) (2015) (holding that defendant entered his guilty plea to felony murder voluntarily, knowingly, and intelligently given that defendant was specifically informed of rights he was waiving by pleading guilty, defendant indicated under oath that he understood rights that he was waiving, and trial court established factual basis for plea); *Hayes*, 344 Ga. App. at 249–50(1) (concluding that defendant's guilty plea was made knowingly, when before acceptance of plea, there was an extensive colloquy with defendant, in which court discussed defendant's competency, his understanding of the charges, and his understanding of the potential sentences); *Earley*, 310 Ga. App. at 114(2)(b) (finding that defendant's guilty plea was entered knowingly and voluntarily given fact that defendant responded affirmatively when prosecutor asked if he understood rights he was waiving by pleading guilty, and defendant stated that he understood when trial court reiterated rights he was waiving by pleading guilty and explained that he was facing maximum sentence of 15 years in prison as repeat offender).

that he would effectively never be paroled given his age and the time he was required to be incarcerated.[20] These claims lack merit.

To begin with, Young's plea counsel did not testify at the hearing on his motion to withdraw his guilty plea. Significantly, counsel's decisions are "presumed to be strategic, and [Young] must show that the presumed strategy was so unsound that no reasonable lawyer would have adopted it to show deficient performance."[21] This is an unusually heavy burden to carry, and when trial counsel does not testify, it "is extremely difficult to overcome the presumption of reasonable professional assistance."[22] And while Young cites to counsel's testimony during a habeas-petition hearing, her testimony in that proceeding belies rather than supports his contentions. Indeed, during that hearing, Young's plea counsel testified that she advised her client

---

[20] Young was 59 years old at the time of his guilty plea. Under OCGA § 16-6-1(b), "[a] person convicted of the offense of rape shall be punished by death, by imprisonment for life without parole, by imprisonment for life, or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life."

[21] *Guerra v. State*, 373 Ga. App. 774, 782(3) (908 SE2d 704) (2024) (quotation marks omitted). Accord *Butler v. State*, 292 Ga. 400, 405(3) n.8 (738 SE2d 74) (2013).

[22] *Guerra*, 373 Ga. App. at 782–83(3) (quotation marks omitted). Accord *Butler*, 292 Ga. at 405(3) n.8.

about the sentence he could face and the constitutional rights he was waiving by pleading guilty, and she was confident that he entered into the plea knowingly and voluntarily. She also did not recall Young ever telling her that he wished to represent himself, and she stated that she would have told the trial court if he had done so. Trial counsel also testified that she informed Young that he would only be eligible for parole after serving 30 years of his life sentence. And finally, Young's counsel testified that she told the court about the improper communication between the State's prosecutor and one of the jurors and that she objected when it took no action to address the matter.

In its order denying Young's motion to withdraw his guilty plea, the trial court noted that it found plea counsel's testimony from the habeas hearing more credible than Young's testimony to the contrary. And the court's credibility findings, "which it was entitled to make, were not clearly erroneous."[23] As a result, the trial court did

---

[23] *Hood*, 315 Ga. at 813(1). See *Powell*, 309 Ga. at 525(1)(explaining that when "the evidence at issue is in conflict, the credibility of witnesses is for the [trial] court to determine"); *Earley*, 310 Ga. App. at 113(2)(a) (holding trial court was authorized to credit the testimony of defendant's plea counsel, and its factual findings and credibility determinations will be accepted unless clearly erroneous).

not abuse its discretion in denying Young's motion to withdraw his plea on the ground that his counsel rendered ineffective assistance.[24]

3. Young also contends the trial court erred in denying his motion to withdraw his guilty plea because his right to self-representation was violated. This contention presents no ground for reversal.

As noted above, Young claims his right to self representation was violated before his guilty plea. More precisely, he argues that he made multiple requests to forgo counsel and represent himself, but the trial court never even provided him with a *Faretta* hearing to rule on his request. Even so, the Supreme Court of Georgia has concluded that, with limited exceptions, "once a defendant has solemnly admitted in open court that he is in fact guilty of the offense charged, he may not thereafter raise

---

[24] See *Hood*, 315 Ga. at 812–13(1) (877 SE2d 178) (2022) (holding that trial court was within its discretion in denying defendant's motion to withdraw his guilty plea based on defendant's allegation plea counsel given that court found counsel's testimony that she had fully informed defendant about parole ineligibility to be credible); *Wright v. State*, 314 Ga. 355, 358–59 (concluding that defendant was properly advised by plea counsel of his right to withdraw his guilty plea before and after sentencing, and thus trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea); *Earley*, 310 Ga. App. at 113–14(2)(a), (b) (finding that trial court did not abuse its discretion in crediting testimony of plea counsel that she explained consequences of guilty plea to defendant, and he entered plea knowingly and voluntarily).

independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[25] And more recently, our Supreme Court rejected the argument that a defendant's right to self representation constitutes one of those limited exceptions, concluding that a defendant's "*Faretta* claim is based on an independent, non-jurisdictional constitutional defect and [can be] waived, because in pleading guilty [a defendant] waive[s] all such claims arising from alleged errors preceding his guilty plea."[26] So, the trial court did not err in refusing to allow Young to withdraw his guilty plea on this ground.

4. Lastly, Young argues his arrest was the result of an unlawful search of the victim's person. This argument is a nonstarter.

Specifically, Young asserts that—according to the testimony at trial—the victim stated she was so (understandably) upset at the hospital following the assault at the MARTA station that she required sedation before the sexual-assault

---

[25] *Moody v. State*, 316 Ga. 490, 508(3) (888 SE2d 109) (2023) (quotation marks omitted). See *Moore v. State*, 285 Ga. 855, 858(2) (684 SE2d 605) (2009) (holding that the defendant's claim that the affidavits in support of his arrest warrant were insufficient to establish probable cause was waived in light of his knowing and voluntary plea).

[26] *Moody*, 316 Ga. at 509(3) (punctuation omitted).

examination—during which the DNA samples ultimately leading to Young's arrest were collected. From this, Young argues that the DNA samples were collected without the victim's consent and, therefore, amounted to an unlawful search of the victim's person, which in turn could not be used against him.

But setting aside the fact that—as with his self-representation argument—his guilty plea waived any challenge to how law enforcement collected evidence to support his prosecution,[27] Young simply lacks standing under the Fourth Amendment to make this brazen argument. Indeed, a criminal defendant has standing to suppress evidence obtained through an illegal search or seizure "*only* in the situation in which *his or her own rights are violated*, as such rights are personal and are not to be asserted vicariously."[28] And here, it strains credulity for Young to claim that he has any

---

[27] See supra note 25 & accompanying text.

[28] *Hampton v. State*, 295 Ga. 665, 668(2) (763 SE2d 467) (2014) (emphasis added). See *Jones v. State*, 321 Ga. 137, 145(2)(a)(ii) (913 SE2d 700) (2025) (quoting *Byrd v. United States*, 584 U.S. 395, 410(IV) (138 SCt 1518, 200 LE2d 805) (2018), in explaining that "Fourth Amendment standing is a useful shorthand for capturing the idea that a person must have a cognizable Fourth Amendment interest in the place searched before seeking relief for an unconstitutional search" (quotation marks omitted)).

standing to challenge the lawfulness of the *victim's* sexual-assault examination.[29] The trial court did not err, then, in refusing to countenance this frivolous contention or in denying Young's motion to withdraw his guilty plea.

For these reasons we affirm the trial court's judgment.

*Judgment affirmed. Gobeil and Pipkin, JJ., concur.*

---

[29] See *Jones*, 321 Ga. at 145–46(2)(a)(ii) (concluding defendant lacked Fourth Amendment standing to argue geofence search warrants of company's other users' data was unlawful); *Hampton*, 295 Ga. at 668–69(2) (holding defendant lacked standing to seek suppression of the texts for the cell phone number of which he was not the named subscriber).